**E-FILED on** 9/17/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CASS WILSON, Individually and On Behalf of All Others Similarly Situated and the General Public,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>　　　　Defendant. | No. C-09-2253 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>**[Re Docket Nos. 9 and 11]** |

Plaintiff Cass Wilson's motion to remand and defendant Hewlett-Packard Company's Motion to Dismiss came on for hearing before the court on August 28, 2009. Having considered the papers submitted by the parties and the arguments of counsel, and for good cause appearing, plaintiff's motion to remand is denied and defendant's motion to dismiss is granted.

**1.　Motion to Remand**

Plaintiff contends that removal was untimely, filed 129 days after service of the Complaint. Defendant contends that removal was timely, within 10 days after service of the First Amended Complaint which contained a new allegation that <u>all</u> of HP's dv, zd, ze, zt, zv and zx laptops contained the alleged defect at the time they were sold (as opposed to the original complaint's

allegation that an "abnormally high" number of such laptops were defective), which triggered defendant's investigation and subsequent determination that the amount in controversy exceeded $5 million. Notably, both the Complaint and FAC contain affirmative allegations designed to defeat diversity – that each plaintiff's damages were less than $75,000 and that the total is less than $5 million. In view of these allegations, defendant had no duty to investigate the jurisdictional facts. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005); *Bullard v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 94390. Removal was timely and the motion to remand is accordingly denied.

## II. Motion to Dismiss

This case involves an alleged design defect in HP's laptop computers, specifically, that during ordinary use, the attachment of the power jack to the motherboard causes the solder connection to be interrupted, ultimately resulting in the failure of the laptop. Plaintiff's laptop failed for this reason after the expiration of his two-year warranty. Plaintiff seeks to bring a class action, and his First Amended Complaint contains three causes of action: violation of California's Unfair Competition Law (Business and Professions Code §17200, et seq.); violation of the California Consumer Legal Remedies Act (Civil Code §1750 et seq.); and breach of warranty. Defendants seek dismissal of each claim.

There is no CLRA claim on the facts pleaded. *See Daugherty v. American Honda Motor Co.*, 144 Cal.App.4th 824 (2006); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Hoey v. Sony Enters. Inc.*, 515 F.Supp.2d 1099 (N.D. Cal. 2007); *Ostreicher v. Alienware Corp.*, 544 F.Supp.2d 964 (N.D. Cal. 2008). Plaintiff relies on *Falk v. General Motors Corp.*, 496 F.Supp.2d 1088 (N.D. Cal. 2007), as support for imposing a duty to disclose product defects where the manufacturer has exclusive knowledge of the defect, and the failure to make such disclosure is actionable under the CLRA. *Falk* was addressed at length in *Ostreicher*, however, where Judge Patel cogently analyzed *Falk* both in light of the safety concerns which were integral to that decision as well as in light of the general policy implications that would result from recognizing a broad duty to disclose, effectively eliminating warranties short of the full useful life of the product. The court finds Judge Patel's reasoning persuasive and notes that the instant case does not implicate safety concerns as were involved in *Falk*. The CLRA claim is dismissed.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS—No. C-09-2253 RMW
TER                                                                                                                                  2

The breach of warranty claim also fails. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Dougherty v. American Honda Motor Co.*, 144 Cal.App.4th 824 (2006). Plaintiff's argument that the limitation of the warranty is unconscionable is not convincing. A two-year consumer product warranty is unremarkable and no facts suggests that it is unconscionable. Limitation on warranties is authorized by the California Uniform Commercial Code §2316 and have been routinely upheld. *See Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685 (N.D. Cal. 2006). The claim is dismissed.

Finally, with regard to the Unfair Competition Law claim, the court notes that the claim survived demurrer in state court, before the case was removed to federal court. This suggests that defendant should not be able to challenge the claim again on a second motion to dismiss. On the other hand, the claim as pleaded is deficient. Specifically, the UCL claim is based to some degree upon violations of the CLRA, which have now been dismissed. It is also based, to a large degree, on allegations of misrepresentation and deceit. The claim is not pleaded with the requisite particularity required by Rule 9(b). For example, Paragraph 77, identifies ten express statutory violations by citation to the statute, without supporting allegations regarding how each statute was violated. More is required to fairly inform defendant of the allegations against which it will be required to defend. Additionally, to the extent that the claim is based on alleged public misrepresentations made by HP, the representations identified in the complaint amount to non-actionable puffery – that the laptops were designed to "perform ... flawlessly," provided "easy-to- use technology" and that they "enable greater mobility and resource sharing within homes or small offices." FAC ¶30. Similar statements have been found to be non-actionable. *See Ostreicher*, 544 F.Supp.2d at 973-74; *Brothers*, 2006 WL 3093685 at *4-5; *Long v. Hewlett-Packard Co.*, 2007 WL 2994812 at *7 (N.D. Cal. 2007).

Defendant's other argument is unconvincing – that the UCL does not apply to claims by an out-of-state plaintiff – because the Amended Complaint alleges that defendant's actions and representations emanated from California. FAC ¶13. At the pleading stage, this is sufficient. If proven, the California UCL may constitutionally apply to the claims of out-of-state plaintiffs. *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224 (2001).

Accordingly, plaintiff's claim under California's Unfair Competition Law is also dismissed.

### III.  ORDER

For the foregoing reasons, the court denies plaintiff's motion to remand and grants defendant's motion to dismiss.  Plaintiff shall have twenty days leave to amend.

DATED:      9/17/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

**Mark F. Anderson**
Email: mark@kabolaw.com

**Counsel for Defendants:**

**Samuel G. Liversidge**
Email: sliversidge@gibsondunn.com

**Timothy William Loose**
Email: tloose@gibsondunn.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   9/17/09                                                     TER
                                                                   **Chambers of Judge Whyte**